UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY CLARK,<br><br>    Plaintiff,<br><br>v.<br><br>REMINGTON CLAWSON et al.,<br><br>    Defendants. | Case No. 3:20-cv-00230<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

**REPORT AND RECOMMENDATION**

    This civil rights action arises out of pro se Plaintiff Corey Clark's arrest and detention in the Wilson County Jail in Lebanon, Tennessee. (Doc. No. 3-1.) Defendants Wilson County Sheriff's Deputy Remington Clawson; Wilson County, Tennessee; and the City of Lebanon, Tennessee, have filed a motion to dismiss Clark's complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 4.) Defendants argue that Clark's complaint is untimely and fails to state any claims for which relief can be granted. (Doc. No. 5.) Clark has responded in opposition to the motion to dismiss (Doc. No. 21), and Defendants have filed a reply (Doc. No. 23). Clark has also filed a motion for leave to amend his complaint under Rule 15(a)(2) and a proposed amended complaint. (Doc. Nos. 20, 20-1.) Defendants oppose Clark's motion to amend, arguing that the proposed amendments are futile because Clark's claims are still untimely and would not survive a motion to dismiss. (Doc. No. 22.) For the reasons that follow, the Magistrate Judge will recommend that Defendants' motion to dismiss be granted and that Clark's motion to amend be denied.

## I. Factual and Procedural Background[1]

Clark initiated this action on February 13, 2020, by filing a complaint in the Chancery Court of Wilson County, Tennessee. (Doc. No. 3-1.) Clark's complaint alleges that, in the early morning hours of Sunday, February 10, 2019, he was driving near his home in Mount Juliet, Tennessee, when Defendant Clawson pulled him over. (*Id.*) Clark gave Clawson his driver's license and registration, as requested, and asked "to know [Clawson's] probable cause for" stopping him. (*Id.* at PageID# 20.) Clawson "stat[ed] that he had pulled [Clark] over for a 'Light Law Violation'." (*Id.*) Clark states that "both [f]ront [h]eadlights on his automobile were completely operational and in working condition and, just days before, [he] had purchased bulbs for the automobile[']s rear brake lights . . . [and] replace[d] the older rear bulbs with the newly purchased bulbs on the same date of purchase." (*Id.*) Clark "provided [Clawson] with the receipt from the local Auto Zone reflecting this recent purchase[,]" and Clawson "looked at the receipt and[ ] handed it back to [Clark] stating, 'ok just hang tight for me and I'll be right back'." (*Id.*)

Clawson returned and "asked [Clark] if he wanted to get out of the automobile to check the rear light that [Clawson] alleged was the probable cause for him to [p]ull [Clark] over . . . ." (*Id.*) Clark said he would get out and check the lights, then exited his vehicle and took a step towards the rear of the car where he saw both taillights working. (Doc. No. 3-1.) "Almost simultaneously, Deputy Clawson grabbed [Clark's] left wrist" and began patting down Clark's pockets. (*Id.* at PageID# 21.) Clark objected that Clawson did not have his consent to search him, but Clawson said "he 'was just making sure for his safety that [Clark] did not have any dangerous weapons on his person and directed [Clark] to remain still with his legs apart and to outstretch both arms'."

---

[1] The facts in this section are drawn from Clark's complaint (Doc. No. 3-1) and taken as true for purposes of resolving the pending motion to dismiss.

(*Id.*) Clark continued to object that Clawson did not have his consent to search him. Clawson then handcuffed Clark's wrists behind his back and told him he was under arrest. (Doc. No. 3-1.) Clawson said that, "after running [his] name through a national database on [Clawson's] computer, it appeared that [Clark] had a warrant for his arrest out of Yuma, Arizona for alleged intimidation." (*Id.* at PageID# 21.) Clawson "stated that he 'thought the warrant looked odd . . .'" and "stated multiple times that 'he had never seen such a warrant before and it was very generic in form and substance'." (*Id.*) Clark told Clawson that he had paperwork with him from an Arizona court, signed by the local Arizona sheriff's office, stating that the warrant Clawson found was void. (Doc. No. 3-1.) But "Clawson did not want to look at [the] paperwork" and told Clark that, no matter what it said, "'[h]e was still obligated to take [Clark] to jail because [Clark's] name showed up in his computer'." (*Id.* at PageID# 23.) At Clark's request, Clawson called a supervisor who "directed [him] . . . to bring [Clark] in to the Wilson County Jail anyway, in spite of the [p]aperwork [Clark] continued to offer [Clawson] . . . ." (*Id.*)

Clawson transported Clark to the Wilson County Jail in Lebanon. (Doc. No. 3-1.) Clark "was charged with one count of being a Fugitive from Justice under T.C.A. [§] 40-9-103." (*Id.* at PageID# 26.) He was booked into the jail, had his possessions taken from him, was strip searched, and was confined in a dirty cell with blood and feces on the walls, ceiling, and door. (Doc. No. 3-1.) Clark states that he "was in jail from 2:00 A.M. Sunday [m]orning . . . [t]hrough all day and night Monday and was not allowed to see a [j]udge until sometime early Tuesday [a]fternoon." (*Id.* at PageID# 27.) On Tuesday, February 12, 2019, following a hearing in Wilson County Court, the charge against Clark was dropped and he was released from jail. (Doc. No. 3-1.)

Clark's complaint alleges violations of federal and Tennessee laws arising from his arrest and detention. (*Id.*) Specifically, Clark states that his complaint is filed under 42 U.S.C. § 1983 and Tenn. Code Ann. §§ 8-8-302 and 8-19-301. (*Id.*) He seeks $100,000.00 in damages. (*Id.*)

Defendants removed the action to this Court on March 16, 2020. (Doc. No. 1.) Defendants then filed a motion to dismiss Clark's complaint under Rule 12(b)(6) and a supporting memorandum of law. (Doc. Nos. 4, 5.) Defendants argue that all of Clark's claims are subject to a one-year statute of limitations and that his complaint is untimely because Clark filed it after the limitations period had passed. (Doc. No. 5.) They further argue that Clark lacks any cause of action under Tenn. Code Ann. § 8-19-301 and that he has failed to state any federal claims against Wilson County and the City of Lebanon. (*Id.*) Clark argues that his complaint was timely filed, that its allegations are sufficient to withstand a motion to dismiss, and, if the allegations are insufficient, that he should be granted leave to amend under Rule 15(a). (Doc. No. 21.) Defendants reply that Clark filed his complaint at least one day late, that he has not adequately pleaded the majority of his claims, and that any amendments would be futile because Clark's claims remain time-barred. (Doc. No. 23.)

On the same day he filed his response in opposition to Defendants' motion to dismiss, Clark filed a motion for leave to amend his complaint under Rule 15(a)(2) and a proposed amended complaint. (Doc. Nos. 20, 20-1.) The proposed amended complaint adds three defendants and several legal claims arising out of the same alleged events, including claims asserted under 18 U.S.C. §§ 241 and 242, and 42 U.S.C. §§ 1985 and 1986. (Doc. No. 20-1.) Defendants argue that Clark's motion to amend should be denied as futile because, among other reasons, neither § 241 nor § 242 provides a private cause of action and the remaining proposed claims in the

4

amended complaint are subject to one-year limitations periods that Defendants argue Clark did not meet. (Doc. No. 22.) Clark did not file an optional reply in support of his motion to amend.

## II. Legal Standards

### A. Motion to Dismiss

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Clark proceeds pro se, the Court construes his filings "'liberally'" and holds his complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. Motion to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [a] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing *de novo* district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless, Sixth Circuit case law "manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

6

### III. Analysis

As a threshold matter, the Court finds that Clark's original complaint fails to state a claim for relief under Tenn. Code Ann. § 8-19-301 because this statute, which addresses the obligations of the principal and sureties to official bonds, "does not create a separate cause of liability . . . ." *Ledbetter v. Knox Cnty.*, No. 3:05-CV-248, 2006 WL 354200, at *2 (E.D. Tenn. Feb. 15, 2006) (citing *Waters v. Bates*, 227 F. Supp. 462, 465–66 (E.D. Tenn. 1964), *aff'd sub nom. Waters v. McClary*, 344 F.2d 75 (6th Cir. 1965)). Similarly, the Court finds that Clark's proposed amendments adding claims under 18 U.S.C. §§ 241 and 242 are futile because these "are criminal statutes, which do not create private rights of action for their violation." *Moriani v. Hunter*, 462 F. Supp. 353, 355 (S.D.N.Y. 1978); *see also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (noting that the Supreme Court is "quite reluctant to infer a private right of action from a criminal prohibition alone"); *Young v. Overly*, No. 17-6242, 2018 WL 5311408, at *2 (6th Cir. July 2, 2018) (holding that "criminal statutes generally do not create private causes of action"). Clark offers no reason why his claims are exceptions to this general rule.

The remaining claims in Clark's original and proposed amended complaints are brought under 42 U.S.C. §§ 1983, 1985, and 1986, and Tenn. Code Ann. § 8-8-302. (Doc. Nos. 3-1, 20-1.) Defendants' primary arguments in favor of dismissal and in opposition to granting leave to amend these claims turn on whether or not Clark filed his original complaint within the applicable limitations period. (Doc. Nos. 5, 22, 23.) Because "[t]he statute of limitations is an affirmative defense, and a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim," the Sixth Circuit has held that "a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)

(first citing Fed. R. Civ. P. 8(c); then citing Fed. R. Civ. P. 8(a); and then citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). However, "sometimes the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case, . . . dismissing the claim under Rule 12(b)(6) is appropriate." *Id.* (citing *Jones*, 549 U.S. at 215).

Defendants argue, and Clark does not dispute, that all of Clark's asserted causes of action in the original and proposed amended complaints are subject to a one-year limitations period.[2]

---

[2] Clark's original complaint asserts claims under 42 U.S.C. § 1983 and Tenn. Code Ann. § 8-8-302 (Doc. No. 3-1); his proposed amended complaint adds claims under 42 U.S.C. §§ 1985 and 1986 (Doc. No. 20-1). Because §§ 1983 and 1985 do not contain their own limitations periods, courts apply "the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 [or § 1985] claim arises." *Eidson v. State of Tenn. Dep't of Child.'s Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Craft v. Vanderbilt Univ.*, 18 F. Supp. 2d 786, 797–98 (M.D. Tenn. 1998) (applying Tennessee's personal injury statute of limitations to claims brought under §§ 1983 and 1985). As relevant here, Tennessee provides a one-year limitations period for "[a]ctions for . . . injuries to the person, false imprisonment, malicious prosecution[;] . . . [c]ivil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes; and . . . [a]ctions for statutory penalties." Tenn. Code Ann. § 28-3-104(a)(1)(A)–(C). Claims brought under § 1986 are subject to a one-year limitations period set by the statute itself. *See* 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").

Clark's original and proposed amended complaints also assert claims under Tenn. Code Ann. § 8-8-302, which provides a cause of action against a county for "any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff . . . ; provided, that the deputy is, at the time of such occurrence, acting by virtue of or under color of the office." Tenn. Code Ann. § 8-8-302. The Tennessee Court of Appeals has "observe[d], however, that § 302 contains no limitations period . . . ." *Cross v. Shelby Cnty.*, No. W2005-01231-COA-R3-CV, 2006 WL 1005168, at *5 (Tenn. Ct. App. Apr. 18, 2006); *see also id.* ("[W]e invite the General Assembly to consider the limitations period applicable to claims brought under Tennessee Code Annotated § 8-8-302."). Where, as here, "[t]here is no statute in Tennessee that specifically addresses the statute of limitations applicable to a claim . . . and no decisional law that is directly on point[,]" Tennessee courts "look to the limitations periods that apply to similar types of claims and the injuries associated with them." *Blalock v. Preston Law Grp., P.C.*, No. M2011–00351–COA–R3–CV, 2012 WL 4503187, at *5 (Tenn. Ct. App. Sept. 28, 2012); *see also Spence v. Miles Lab'ys, Inc.*, 37 F.3d 1185, 1189 (6th Cir. 1994) (holding that, if a state statute "does not reference a statute of limitations or repose, we look to the 'gravamen' of the action, rather than any designation as either contract or tort, in determining what limitations period is controlling"). Defendants argue that the applicable limitations period for Clark's claim under § 8-8-302 is the same one-year period in Tenn. Code Ann. § 28-3-104(a)(1) that governs his claims under 42 U.S.C. §§ 1983 and 1985. Clark offers no contrary argument or authority.

(Doc. Nos. 5, 22, 23.) The parties disagree, however, about how to calculate the one-year period; specifically, whether or not February 13, 2020—the day Clark filed his original complaint—falls inside or outside the limitations period.

Clark's original and proposed amended complaints allege that he was arrested and detained on Sunday, February 10, 2019, and released from the Wilson County Jail on Tuesday, February 12, 2019. (Doc. Nos. 3-1, 20-1.) Clark argues that he calculated the limitations period using Tennessee Rule of Civil Procedure 6.01 (Doc. No. 21), which provides that, "[i]n computing any period of time prescribed or allowed . . . by any applicable statute, the date of the act, event or default after which the designated period of time begins to run is not to be included." Tenn. R. Civ. P. 6.01. Clark argues that, "[b]ecause [he] understood that the [f]irst day [he] could file a [l]awsuit was the day [he] was released from Wilson County Jail and the Rule says to exclude the first day, [he] believe[s] that [he] filed [his] complaint on time . . . ." (Doc. No. 21, PageID# 180.) Defendants argue that, even assuming the statute of limitations began to run on February 12, 2019, the day Clark was released, and not February 10, 2019, the day Clark was arrested, and excluding the first day from calculation, the limitations period ended no later than February 12, 2020. (Doc. No. 23.)

The Sixth Circuit held in *Merriweather v. City of Memphis*, 107 F.3d 396 (6th Cir. 1997), that Federal Rule of Civil Procedure 6(a), which mirrors Tennessee Rule of Civil Procedure 6.01, "does govern the computation of the limitations period." *Id.* at 398; *see also* Fed. R. Civ. P. 6(a) (providing that, "in computing any time period specified . . . in any statute that does not specify a method of computing time[,]" "exclude the day of the event that triggers the period" "[w]hen the

---

Accordingly, the Court applies a one-year statute of limitations to Clark's claim under § 8-8-302 in resolving Defendants' motion.

period is stated in days or a longer unit of time"). The *Merriweather* court further held, however, that a "one-year period nevertheless ends on the same calendar date the following year." *Merriweather*, 107 F.3d at 398. It explained computation of statutes of limitations under Rule 6(a) as follows:

> The rule does not say that a limitations period does not begin to run until the second day; indeed, it specifically refers to "the day of the act, event, or default from which the designated period of time begins to run."[3] Instead, the rule directs that in *computing* the applicable period, the day of the relevant event is the zero point from which days are to be counted. The rule makes sense only in the context of counting days; the problem it is intended to avoid (i.e., cutting the time too short—for instance, counting October 19, 1994 as "1" and finding the 365th day to be October 18, 1995) should not arise in the computation of calendar months or years, in which individual days are not counted. Applying the rule to "bump" the beginning of a calendar period forward fundamentally misses the purpose of the rule.

*Id.* at 400. Thus, when a statute of limitations period is stated in terms of years, "Rule 6(a) does not . . . push the end of the limitation period" by a day. *Id.* at 398.

This Court therefore finds that, even assuming the statutes of limitations applicable to Clark's claims began to run on February 12, 2019, the one-year limitations period ended on the same calendar date the following year, February 12, 2020. *See id.* at 400. Clark's original complaint was filed one day late on February 13, 2020. (Doc. No. 3-1.) His claims in the original and proposed amended complaints are barred by the statutes of limitations. *See Merriweather*, 107 F.3d at 400.

Clark asks the Court to extend the limitations period if it finds that his complaint was not timely filed. (Doc. No. 21.) Courts considering claims brought under §§ 1983 and 1985 look to

---

[3] The 2009 amendments to Rule 6(a) altered this wording without changing the meaning: "Where subdivision (a) formerly referred to the 'act, event, or default' that triggers the deadline, new subdivision (a) refers simply to the 'event' that triggers the deadline; this change in terminology is adopted for brevity and simplicity, and is not intended to change meaning." Fed. R. Civ. P. 6(a) advisory committee's note to 2009 amendment.

state law to determine whether tolling the statute of limitations is appropriate.[4] *See Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 483–84 (1980) ("Congress did not establish a statute of limitations or a body of tolling rules applicable to actions brought in federal court under § 1983—a void which is commonplace in federal statutory law. When such a void occurs, this Court has repeatedly 'borrowed' the state law of limitations governing an analogous cause of action."); *Lewis v. Mich. Dep't of State Police*, No. 1:06-CV-38, 2006 WL 374256, at *2 (W.D. Mich. Feb. 17, 2006) ("State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. §§ 1983 and 1985."). State law also governs tolling the statute of limitations for Clark's claims under Tenn. Code Ann. § 8-8-302.

The Tennessee Supreme Court has "consistently declined to recognize the doctrine of equitable tolling in civil proceedings." *Whitehead v. State*, 402 S.W.3d 615, 626 (2013). Instead, under Tennessee law, courts may only toll statutes of limitations in civil cases based on "the doctrines of equitable estoppel and fraudulent concealment . . . ." *Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 460 (Tenn. 2012). "[T]he doctrine of equitable estoppel tolls the running of the statute of limitations when the defendant has misled the plaintiff into failing to file suit within the statutory limitations period." *Id.* "Under the fraudulent concealment doctrine,

---

[4] Because Congress provided an express statute of limitations for claims brought under 42 U.S.C. § 1986, courts do not apply state tolling principles to such claims. *See, e.g.*, *Bassette v. City of Oakland*, No. C-00-1645, 2000 WL 33376593, at *4 (N.D. Cal. Aug. 11, 2000) ("In contrast to Plaintiff's §§ 1983, 1985, and 2000d claims, Plaintiff's claim under 42 U.S.C. § 1986 is subject to federal equitable tolling principles because § 1986 contains an express one-year statute of limitations."); *In re Jackson Lockdown/MCO Cases*, 568 F. Supp. 869, 887 n.20 (E.D. Mich. 1983) ("It is far from clear, . . . that a federal court should 'borrow' [a] state tolling provision where the statute of limitations is expressly contained in the federal statute, thus distinguishing the § 1986 claim from § 1983 claims where federal courts must borrow the most analogous state statute of limitations."). However, the Court need not consider whether tolling the statute of limitations for Clark's § 1986 claim is appropriate because, as explained herein, Clark cannot assert a § 1986 claim without also asserting a timely § 1985 claim.

the statute of limitations is tolled when 'the defendant has taken steps to prevent the plaintiff from discovering he [or she] was injured.'" *Id.* at 462 (alteration in original) (quoting *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 146 (Tenn. 2001)). The only explanation Clark provides for his failure to file his original complaint within the statute of limitations is his own misunderstanding of how to calculate when that period expired. (Doc. No. 21.) Clark knew that he had one year to file his claims and waited until what he thought was the last day to do so. He has not argued that Defendants engaged in the kind of deceptive behavior necessary to toll the limitations period under the doctrines of equitable estoppel or fraudulent concealment, and the Court finds that neither doctrine is applicable here. Accordingly, there is no factual or legal basis to justify tolling the statute of limitations for Clark's claims under Tenn. Code Ann. § 8-8-302 and 42 U.S.C. §§ 1983 and 1985.

Because the allegations in the original complaint affirmatively show that Clark's claims under 42 U.S.C. § 1983 and Tenn. Code Ann. § 8-8-302 are untimely, dismissal is appropriate under Rule 12(b)(6). *See Cataldo*, 676 F.3d at 547. His proposed claims under § 1985 are likewise untimely on the face of the proposed amended complaint, and leave to amend the complaint to include those claims should therefore be denied as futile. It is well established that "failure to state a claim for relief under § 1985 is fatal to [a plaintiff's] claims brought pursuant to § 1986 because a § 1986 claim is dependent upon a viable § 1985 claim." *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008). Because Clark's proposed § 1985 claims are futile, leave to amend his complaint to include claims under § 1986 should also be denied.

## IV.     Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that Defendants' motion to dismiss (Doc. No. 4) be GRANTED and that Clark's motion to amend (Doc. No. 20) be DENIED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 5th day of January, 2021.

ALISTAIR E. NEWBERN
United States Magistrate Judge