UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| COREY CLARK, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:20-cv-00230 |
| REMINGTON CLAWSON, et al., | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 24) recommending that the Court grant the Motion to Dismiss (Doc. No. 4) filed by Wilson County Sheriff's Deputy Remington Clawson; Wilson County, Tennessee; and the City of Lebanon, Tennessee (collectively, "Defendants") and deny Plaintiff Corey Clark's motion for leave to amend the Complaint (Doc. No. 20). Clark, proceeding pro se, has filed objections to the R&R labeled "Objections to Magistrate [Judge] Newbern's Recommendation and 2nd Opposition to [Defendants'] Motion to Dismiss for Failure to State a Claim [Under] Rule 12(b)(6)" (Doc. No. 25), to which Defendants filed a response in opposition (Doc. No. 27). For the following reasons, the R&R will be approved and adopted.

### I. BACKGROUND

The Court will not repeat the entire factual background and procedural history of this case because it is aptly set forth in the R&R. (Doc. No. 24 at 2–5). In short, Clark filed a Complaint against Defendants under 42 U.S.C. § 1983, several provisions of the Tennessee Constitution, and Tenn. Code. Ann. §§ 8-8-302, 8-8-303, and 8-19-301, alleging that he was unlawfully arrested,

searched, and detained based on a fraudulent warrant for his arrest out of Yuma, Arizona.[1] (See Doc. No. 3-1). According to the Complaint filed on February 13, 2020, Clark was arrested on Sunday, February 10, 2019, and released from jail after the charges were dropped on Tuesday, February 12, 2019.[2] (See id. at 4, 13–16). Defendants eventually filed a motion to dismiss the Complaint, arguing that Clark's claims are barred by the applicable statute of limitations and fail to state a cause of action for which relief can be granted. (Doc. Nos. 4, 5). Clark responded in opposition (Doc. No. 21) and simultaneously filed a motion for leave to amend the Complaint under Federal Rule of Civil Procedure 15(a)(2) (Doc. No. 20). The proposed Amended Complaint adds three defendants (Abby Rubenfeld, John Paul Plante, and Esmundo Tejeda) and includes additional claims arising out of the same alleged events under 18 U.S.C. §§ 241 and 242, and 42 U.S.C. §§ 1985 and 1986. (Doc. No. 20-1).

## II. THE MAGISTRATE JUDGE'S RECOMMENDED DISPOSITIONS

The Magistrate Judge first recommends dismissing Clark's claim under Tenn. Code Ann. § 8-19-301 because that statute does not create a separate cause of action. (Doc. No. 24 at 7 (citations omitted)). Similarly, she recommends that it would be futile for Clark to amend the Complaint to add claims under 18 U.S.C. §§ 241 and 242 because those criminal statutes also do not create a private cause of action. (Id. (citations omitted)).

After analyzing the relevant statutes and related case law, the Magistrate Judge then found that Clark's claims (and proposed amended claims) under Tenn. Code Ann. § 8-8-302 and 42

---

[1] Clark initially filed the Complaint in the Chancery Court of Wilson County, Tennessee, but Defendants subsequently removed the action to this Court. (See Doc. No. 1).

[2] The Court takes judicial notice that the Tuesday after February 10, 2019 was February 12, 2019.

2

U.S.C. §§ 1983, 1985, and 1986[3] are subject to a one-year statute of limitations, which expired on February 12, 2020. Because Clark did not file the Complaint until February 13, 2020, the Magistrate Judge recommends that the Court dismiss the pending claims as untimely and deny Clark's motion to add the related claims as futile. (Id. at 7–12). The Magistrate Judge has not made specific recommendations regarding Clark's claims under the Tennessee Constitution or Tenn. Code Ann. § 8-8-303.[4]

### III. CLARK'S OBJECTIONS

On January 22, 2021, Clark filed a 54-page objection to the January 5, 2021 R&R. (Doc. No. 25). Pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition [on a dispositive motion] that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." See also 28 U.S.C. § 636(b)(1)(C). Only "specific written objections" to the magistrate judge's proposed factual findings and legal conclusions are considered "proper" for the district court's consideration. Fed. R. Civ. P. 72(b)(2). Moreover, the Court's Local Rules require that proper objections "must state with particularity the specific portions of the Magistrate Judge's

---

[3] The Court finds that Count 8 of the proposed Amended Complaint contains a typographical error, and that Clark intended to bring claims under 42 U.S.C. § 1986, rather than the nonexistent § "1086." (See Doc. No. 20-1 at 26).

[4] Perhaps the Magistrate Judge did not dedicate her time to these claims because of their frivolity. For example, Clark's state constitutional claims cannot proceed because "Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution." Cline v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996) (citing Lee v. Ladd, 834 S.W. 2d 323 (Tenn. Ct. App. 1992); Siler v. Scott, 591 S.W. 3d 84, 102 (Tenn. Ct. App. 2019). And his § 8-8-303 claim cannot stand alone as an independent cause of action because that section merely "provides a waiver of sovereign immunity for claims raised pursuant to section 8-8-302." Merolla v. Wilson Cnty., No. M2018-00919-COA-R3-CV, 2019 WL 1934829, at *6 (Tenn. Ct. App. May 1, 2019). Accordingly, these claims will be dismissed.

3

report or proposed findings or recommendations to which an objection is made . . . to apprise the District Judge of the bases for the objections." L.R. 72.02(a). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)).

As an initial matter, the Court agrees with Defendants that Clark's objections do not comply with the Federal Rules of Civil Procedure or this Court's Local Rules. First, Clark's objections are 54 pages in length, and Local Rule 72.02(a) limits objections to 25 pages. Second, Clark filed his objections more than fourteen days after being served with the R&R, which violates Rule 72(b)(2), Local Rule 72.02(a), and the R&R's specific warnings regarding waiver. (See Doc. No. 24 at 13). Third, Clark's attempt at a "2nd Opposition to [Defendants'] Motion to Dismiss" is improper because "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." J.A. v. Smith Cty. School Dist., 364 F. Supp. 3d 803, 812 (M.D. Tenn. Mar. 6, 2019) (quoting VanDiver v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich 2004)). For these reasons, the Court would be well within its scope of review to overrule Clark's objections for being procedurally improper. Nevertheless, the Court has decided to consider Clark's objections as a discretionary matter and will construe them fairly and liberally given his pro se status.

The Court finds it difficult to discern the exact nature of Clark's objections because they focus on irrelevant legal and factual issues. For example, the objections mention, among other things, Article III standing, qualified immunity, judicial immunity, recusal, personal jurisdiction over Clark in Arizona, the unsanitary conditions of the Wilson County Jail, and details of the

4

parties' settlement negotiations, but none of those issues are relevant to the Magistrate Judge's application of the relevant statutes of limitations. Clark's objections also include a request for the Court to enter default judgment against Defendant the City of Lebanon (see Doc. No. 25 at 46–47), which the Court denies as frivolous and procedurally improper.

However, Clark's overarching objection is directed at the alleged "void order," "void warrant," and "fraud upon the court" in Arizona, which the Court liberally construes as an argument that his claims are not barred by the one-year statute of limitations because his claims relate to a fraudulently obtained warrant and order. (Doc. No. 25 at 12). But as another district court in the Sixth Circuit held, "'[f]raud on the court' may be a basis for granting a motion for relief from final judgment under Federal Rule of Civil Procedure 60(b), but it has *little relevance to the question of whether a cause of action was timely filed*." Easterling v. Gorman, No. 3:14-cv-96, 2014 WL 2580657, at *1 (S.D. Ohio June 9, 2014) (emphasis added). Here too, the Court agrees that Clark's "fraud on the court" argument is irrelevant to the issues before the Court, particularly because Clark is not alleging that some fraudulent activity prevented him from learning about when his claims accrued. A void order or warrant in Arizona for Clark's arrest could be relevant to whether Defendants had probable cause to detain him (and thus whether Clark has a meritorious § 1983 claim), but it has no bearing on whether the Court should dismiss his claims in this case as untimely. And to the extent Clark is seeking relief from an unspecified Arizona state court order, this would not be the proper forum to raise those arguments.[5]

---

[5] Clark cites Turner v. Turner, 473 S.W. 3d 257 (Tenn. 2015) for the proposition that a statute of limitations does not apply to motions seeking relief from a void judgment. (See Doc. No. 25 at 13–14). But as Defendants note, "[t]he instant lawsuit concerns an allegedly false arrest and incarceration in Wilson County, Tennessee and whether Plaintiff's civil rights were violated in the process. The nullity of any warrant or judgment rendered by an Arizona Court . . . simply has absolutely no bearing on when the instant claims accrued." (Doc. No. 27 at 3–4). The Court agrees with Defendants and does not find Turner relevant to the issues involved in this case.

5

It is also important to note what Clark has *not* objected to. For example, the Complaint alleges that Clark was released from custody shortly after appearing before a Judge on Tuesday, February 12, 2019, and Clark does not dispute that the limitations period for his potential causes of action accrued, at the latest, on that day. (See Doc. No. 3-1 at 13–16). Clark also does not object to the holding of Merriweather v. City of Memphis, 107 F.3d 396 (6th Cir. 1997), nor does he argue that the Magistrate Judge committed legal error by finding that the one-year statute of limitations period expired on February 12, 2020. (See Doc. No. 24 at 9–10). As a result, binding Sixth Circuit precedent requires the Court to dismiss Clark's claims as untimely, even if they were filed only one day late on February 13, 2020. Merriweather, 107 F.3d at 400 (affirming dismissal of complaint as time-barred because the complaint "was filed one day late"); see also In re Royal Manor Mgmt., Inc., 652 F. App'x 330, 339–40 (6th Cir. 2016) (noting that "courts have no authority" to modify "statute-of-limitations deadlines"). And for the same reasons, any attempt to add related claims by amendment would be futile. Accordingly, Clark's objections are overruled.

## IV. CONCLUSION

Having reviewed de novo Clark's objections to the R&R and having carefully considered the Magistrate Judge's other recommendations that were not objected to, the Court agrees with the Magistrate Judge's recommended dispositions. Accordingly, the Court orders as follows:

1. The R&R (Doc. No. 24) is **APPROVED AND ADPOTED**.
2. Clark's Motion for Leave to Amend the Complaint (Doc. No. 20) is **DENIED**.
3. Defendant's Motion to Dismiss (Doc. No. 4) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

This is a final order. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58 and close the file.

6

Clark is on notice that this Court is no longer the proper forum in which to raise arguments; if he disagrees with the Court's rulings, he may file an appeal with the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE